IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON R. SMITH,

    Plaintiff,

v.                                      CASE NO. 1:20-cv-168-AW-GRJ

CAMPUS LODGE GAINESVILLE,
et al.,

    Defendants.
_____/

## ORDER

Pending before the Court are: (1) Defendant Campus Lodge Gainesville's Motion to Set Aside Entry of Default, ECF No. 10; (2) Plaintiff's Motion for Leave to File First Amended Complaint, ECF No. 13; (3) Defendants' Motion for Summary Judgment, ECF No. 11; and (4) Defendants' "Answer," ECF No. 12. These filings are ripe for consideration, and the Court will address each in turn.

### I. BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this case on July 31, 2020. ECF No. 1. Plaintiff alleged in his initial Complaint that Defendants Campus Lodge Gainesville and Coastal Ridge Real Estate engaged in racial discrimination prohibited under the Fair Housing Act, 42

U.S.C. § 3604(b), because his rent during the lease term beginning on August 1, 2020, was more than that for non-Black tenants with the same accommodations. *Id.* at 9–10. As to relief, Plaintiff sought compensatory and punitive damages. *Id.* at 10–11.

On August 6, 2020, the Court directed the United States Marshals Service to execute service of Plaintiff's Complaint on Defendants pursuant to Federal Rule of Civil Procedure 4(c)(3). ECF No. 4. Defendant Coastal Ridge Real Estate received and executed a waiver of service and summons on September 4, 2020, acknowledging that it must respond to Plaintiff's Complaint within 60 days from the date the notice was sent. ECF No. 6. Meanwhile, on September 16, 2020, the United States Marshals served Defendant Campus Lodge Gainesville with Plaintiff's Complaint and a summons (directing a response within 21 days of service). ECF No. 7.

When Defendant Campus Lodge Gainesville failed to timely respond to Plaintiff's Complaint, Plaintiff filed a motion for entry of a Clerk's default under Federal Rule of Civil Procedure 55(a). ECF No. 8. The Clerk entered the default the next day. ECF No. 9.

On November 1, 2020, Defendant Campus Lodge Gainesville filed the motion to set aside the Clerk's default, ECF No. 10, and, with Defendant Campus Costal Ridge Real Estate, a motion for summary

judgment, ECF No. 11, and an "Answer," ECF No. 12.  Finally, on November 9, 2020, Plaintiff filed a motion for leave to file a First Amended Complaint, which he attaches as an exhibit to his motion.  ECF No. 13.  In short, Plaintiff's First Amended Complaint adds a claim for "retaliation" against Defendant Campus Lodge Gainesville and drops Defendant Coastal Ridge Real Estate as a party.  *Id.* at 13; *see also id.* at 3, 12–13.

## II.  MOTION TO SET ASIDE CLERK'S DEFAULT

Defendant Campus Lodge Gainesville asks the Court to set aside the Clerk's default against it.  ECF No. 10.  Defendant explains that its counsel with Defendant Coastal Ridge Real Estate intended but failed to execute a waiver of service for both parties—instead acting only on behalf of Defendant Coastal Ridge Real Estate—and proceeded in this litigation under this mistake.  *Id.* at 1–2.  Therefore, Defendant Campus Lodge Gainesville argues, its failure to respond to Plaintiff's Complaint within 21 days of service of the summons should be excused for "good cause," for "mistake inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief."  *Id.* at 2 (citing Fed. R. Civ. P. 55(c), 60(b)(1), 60(b)(6)).

This Court "may set aside an entry of default for good cause[.]"  Fed. R. Civ. P. 55(c).  The "good cause" standard governs where—as here—the

3

Court has not entered a final default judgment, which would be subject to "the more stringent provisions of [Rule 60(b)]." *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988). In the Eleventh Circuit, "good cause" is a "context-dependent determination to be made by a district court, and a court's assessment will depend on the particular facts." *Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 797 (11th Cir. 2016). There is, however, "a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014).

Defendant's motion to set aside the Clerk's default is due to be granted for three reasons. First, the Court will treat the motion as unopposed insofar as Plaintiff has failed to file a response in opposition. *See* N.D. Fla. Loc. R. 7.1(H) ("The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule."). Second, the Court surmises from its review of the proposed First Amended Complaint, discussed below, that Plaintiff wishes to continue litigating his discrimination claim in the initial Complaint, as well as a new proposed retaliation claim, against Defendant Campus Lodge Gainesville. Third, and finally, Defendant Campus Lodge Gainesville has demonstrated good cause for setting aside the Clerk's default, namely that its failure to respond

4

within 21 days of service was due to a reasonable technical mistake and not clear disregard for legal process.

Therefore, Defendant Campus Lodge Gainesville's motion to set aside the Clerk's default is due to be **GRANTED**.

### III.  PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff asks the Court for leave to file his First Amended Complaint, which adds a claim for retaliation and drops Defendant Coastal Ridge Real Estate as a party.  ECF No. 13.  The motion is unopposed insofar as Defendants have failed to file any response in opposition.  N.D. Fla. Loc. R. 7.1(H).

Typically, federal courts should freely give leave to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).[1]  At this juncture, Plaintiff does not need leave of court to file his First Amended Complaint. A party has the right to amend his or her pleading "once as a matter of course" within "21 days after service of a responsive pleading or … service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ.

---

[1] The Supreme Court has instructed "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

P. 15(a)(1). Because this is Plaintiff's first amendment and he filed the instant motion within one week of Defendants' response to the initial Complaint, Plaintiff is entitled to file the First Amended Complaint as a matter of course.

Therefore, Plaintiff's motion for leave to file the First Amended Complaint is due to be **GRANTED**.

### IV.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In response to Plaintiff's initial Complaint, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, replete with an appendix that includes supporting affidavits and exhibits. ECF No. 11.  Plaintiff filed a response in opposition, arguing that the motion for summary judgment is premature.  ECF No. 14.

Defendants' motion for summary judgment is due to be terminated as moot because the initial Complaint is no longer the operative pleading (and Plaintiff has dropped any claim against Defendant Coastal Ridge Real Estate). *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 n.1 (N.D. Ga. 2013).  It bears mentioning, however, that this motion is premature because Plaintiff has not had the opportunity to pursue discovery concerning the merits of his claims. *See Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996) ("A premature decision on summary

6

judgment impermissibly deprives the plaintiffs of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion."); *see also Square Ring Inc. v. Troyanovsky*, No. 3:16-cv-641-MCR-GRJ, 2018 WL 7350674, at *1 n.2 (N.D. Fla. Feb. 12, 2018); *Forum Architects LLC v. Candela*, No. 1:07-cv-190-SPM-AK, 2008 WL 2685676, at *7 (N.D. Fla. June 27, 2008).

Therefore, Defendants' motion for summary judgment is due to be **TERMINATED AS MOOT**.

## V.  DEFENDANTS' "ANSWER"

Finally, Defendants filed on the docket an "Answer" that is actually a second copy of its motion for summary judgment.  ECF No. 12.  The Court cannot determine whether Defendants intended to file a separate Answer to Plaintiff's Complaint or whether the duplicative filing itself was in error.

In any event, the Court will *sua sponte* **STRIKE** the "Answer" from the docket because it is redundant of Defendants' motion for summary judgment.  Fed. R. Civ. P. 12(f)(1); *Kirven v. Curry Cty. Detention Ctr.*, 407 F. Supp. 3d 1184, 1185 (D.N.M. 2019).

## VI.  CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendant Campus Lodge Gainesville's Motion to Set Aside Entry of Default, ECF No. 10, is **GRANTED**.  The **Clerk** is directed to **VACATE** the Clerk's default against Defendant Campus Lodge Gainesville, ECF No. 9.

2. Plaintiff's Motion for Leave to File First Amended Complaint, ECF No. 13, is **GRANTED**.  The **Clerk** is directed to docket ECF No. 13 at 2–14 as Plaintiff's First Amended Complaint and terminate Defendant Coastal Ridge Real Estate as a party. Defendant Campus Lodge must file a response to the First Amended Complaint **on or before December 15, 2020**.

3. Defendants' Motion for Summary Judgment, ECF No. 11, is **TERMINATED AS MOOT**.

4. The Clerk is directed to **STRIKE** Defendants' "Answer," ECF No. 12, from the docket as redundant of Defendants' Motion for Summary Judgment, ECF No. 11.

**DONE AND ORDERED** this 1st day of December 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge