## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

### CIVIL COMPLAINT

Brandon Ricardo Smith,

_____,

*(Write the full name of each Plaintiff
who is filing this complaint. If the
names of all the plaintiffs cannot fit
in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names.)*

v.

Campus Lodge Gainesville,

_____,

_____,

*(Write the full name of each Defendant
who is being sued. If the names of all
the Defendants cannot fit in the space
above, please write "see attached" in
the space and attach an additional
page with the full list of names.)*

_____/

**FIRST AMENDED COMPLAINT**

Case No.: 1:20-cv-00168
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☑ YES  ☐ NO

NDFL Pro Se 1 (Rev. 12/16) Civil Complaint
Clerk Admin/Official/Forms

1

## I. PARTIES TO THIS COMPLAINT

A.  Plaintiff(s)

1. Plaintiff's Name:  Brandon Ricardo Smith

Address:  2800 SW Williston Road, Unit 816

City, State, and Zip Code:  Gainesville, FL 32608

Telephone: _____ (Home)  561-725-1228 (Cell)

2. Plaintiff's Name: _____

Address: _____

City, State, and Zip Code: _____

Telephone: _____ (Home) _____ (Cell)

*(Provide this information for any additional Plaintiffs in this case by attaching an additional page as needed.)*

B.  Defendant(s)

1. Defendant's Name:  Campus Lodge Gainesville

Name of Employer *(if relevant):* _____

Address:  2800 SW Williston Road

City, State, and Zip Code:  Gainesville, FL 32608

2. Defendant's Name: _____

   Name of Employer *(if relevant):* _____

   Address: _____

                _____

   City, State, and Zip Code: _____

3. Defendant's Name: _____

   Name of Employer *(if relevant):* _____

   Address: _____

                _____

   City, State, and Zip Code: _____

   *(Provide this information for any additional Defendants in this case by*

   *attaching additional pages as needed.)*

## II. BASIS FOR JURISDICTION

Federal courts have limited jurisdiction.  Generally, only two types of cases may be heard in federal court: (1) a case involving a federal question or (2) case involving diversity of citizenship of the parties.  A "federal question" case arises under the United States Constitution or federal laws or treaties. 28 U.S.C. § 1331.  A "diversity" case means a citizen of one State sues a citizen of another State or nation. No defendant may be a citizen of the same State as any Plaintiff in a diversity case, and the amount in controversy must be more

than $75,000.  28 U.S.C. § 1332.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal Question        ☐ Diversity of Citizenship

Fill out the paragraphs in this section that apply to this case.

A.  If the Basis for Jurisdiction Is a Federal Question:

List the specific federal statutes, federal treaties, and/or provisions of the

United States Constitution that are at issue in this case: _____

# Sections 803 and 818, of Title VIII of the Civil Rights Act of 1968 (Fair Housing Act) Racial Housing Discrimination and Retaliation.

_____

B.  If the Basis for Jurisdiction is Diversity of Citizenship:

1. Plaintiff(s)

a.  Plaintiff is an individual and a citizen of: _____

b.  If any Plaintiff is a business or corporation, list the State where the

business is incorporated _____ or has its principal

place of business: _____

_____

*(Note: Businesses/Corporations must be represented by counsel.*

*Attach additional page to provide this information for additional*

*Plaintiffs.)*

2. Defendant(s)

   a. If the Defendant is an individual, identify their citizenship below.

      1. Defendant *(name)* _____

      is a citizen of *(State)* _____

      2. Defendant *(name)* _____

      is a citizen of *(State)* _____

      3. Defendant *(name)* _____

      is a citizen of *(State)* _____

   b. If the Defendant is a corporation or business, list the state of

   incorporation or principal place of business below.

      1. Defendant *(name)* _____

      State of Incorporation is _____

      or Principal Place of Business is _____

      2. Defendant *(name)* _____

      State of Incorporation is _____

      or Principal Place of Business is _____

      *(Attach additional page if necessary to list all Defendants.)*

   3. Have you previously been involved in litigation with one or more

of the named Defendants?

☐ Yes    ☐ No

If yes, identify prior case #: _____ Date: _____

Court: _____

Defendant: _____

Judge: _____

Result: _____

## III. STATEMENT OF CLAIM

Write a short and plain statement of your claim. Do not make legal
arguments or quote from cases. State the facts which show what happened,
as well as where and when it happened. State how each Defendant was
involved and explain what a Defendant did or did not do; identify how each
Defendant caused you harm or violated federal law. Write each statement in
numbered paragraphs, limited as far as practicable to a single event or
incident. If more than one claim is asserted, number each claim, and ensure
that a short and plain statement of facts supporting each claim is included in
the facts alleged. Attach no more than two (2) additional pages to state your
claim.

_____

_____

NDFL Pro Se 1 (Rev. 12/16) Civil Complaint
Clerk Admin/Official/Format

_____

_____

## IV. RELIEF REQUESTED

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. _____

_____

_____

_____

## V. CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending,

modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 11/3//20   Plaintiff's Signature: _____

Printed Name of Plaintiff: Brandon Ricardo Smith

Address: 2800 SW Williston Road, Unit 816

Gainesville, FL 32608

E-Mail Address: bransmith305@gmail.com

Telephone Number: 561-725-1228

*(Additional signature pages must be attached if there is more than one Plaintiff.)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA


PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT


III. STATEMENT OF CLAIM

Write a short and plain statement of your claim. Do not make legal arguments or quote from cases. State the facts which show what happened, as well as where and when it happened. State how each Defendant was involved and explain what a Defendant did or did not do; identify how each Defendant caused you harm or violated federal law. Write each statement in numbered paragraphs, limited as far as practicable to a single event or incident. If more than one claim is asserted, number each claim, and ensure that a short and plain statement of facts supporting each claim is included in the facts alleged. Attach no more than two (2) additional pages to state your claim.

1.) This is a Federal cause of action, per the Civil Rights Act of 1968, Fair Housing Act.

2.) Venue and jurisdiction are proper in this Court.

3.) On or about July 27, 2020, Plaintiff sued Defendant's claiming racial discrimination, regarding the Defendant's housing discrimination against him. Plaintiff also filed a federal housing discrimination complaint with federal housing agency, HUD — on or about the same time; approximately July 27, 2020. Defendant's had full knowledge of the lawsuit and federal Complaint filed with HUD, and Plaintiff's allegations made therein (herein referred to as the "lawsuit").

4.) The lawsuit and federal HUD complaint, both were protected conduct according to the Civil Rights Act of 1968, Fair Housing act (Section 804 and Section 818).

5.) Ryan Dolan (Defendant's General Counsel), Kelvin Hendrix (Roaming Property
Manager), and Ashley Rankin (Property Manager) — also knew about the lawsuit,
federal HUD complaint, and allegations made therein.

## FIRST CLAIM

- **Count I - Racial Discrimination Per Sections 803 [42 U.S.C. 3603] and 804 [42 U.S.C. 3604]**

1. During Plaintiff's apartment tenancy and lease term; with Campus Lodge Gainesville
   (Apartment Complex). Plaintiff was racially discriminated against by Defendant as a
   Black man (African American). Campus Lodge Gainesville, racially discriminated
   against Plaintiff by setting different terms, conditions, and/or privileges for rental of a
   dwelling unit for Mr. Smith; than other nonblack races were given.. As a Black man,
   Campus Lodge Gainesville charged Plaintiff $615 per month, per room for a 2x2 unit —
   to lease his current apartment from August 1, 2020 to July 31, 2021. Totaling Plaintiff's
   rent to approximately $1,230 per month.

2. Plaintiff personally spoke with a few other tenants of different races, who all live at
   Campus Lodge Gainesville as well — which were Asian, White, Hispanic, etc. and those
   tenants told Plaintiff their rental rates wasn't $615 per month, per room; instead they
   signed leases to pay approximately $30 to $40 cheaper than my rent; for Fall 2020/2021
   lease term.. Majority of those nonblack tenants of different races even told Mr. Smith
   they had signed new lease agreements — from August 2020 to July 2021, for only $574
   per month; per room for a 2x2 unit.. Those Asian, White, Hispanic, and other races of

tenants are paying $41 lesser than what Plaintiff signed for.  As a Black man, Mr. Smith's race was the cause of this housing discrimination. In which both, Campus Lodge Gainesville violated Title VIII of the Civil Rights Act of 1968, Fair Housing Act.

## SECOND CLAIM

- **Count II – Retaliation Per Section 818 [42 U.S.C. 3617]**

3.  After the filing of Plaintiff's federal court complaint and complaint to HUD, the Defendant Campus Lodge Gainesville engaged in retaliatory acts against the Plaintiff. Campus Lodge Gainesville retaliated against the Plaintiff by entering his apartment unit without his knowledge, and decreasing services by locking the bedroom door to 816-B. Denying Plaintiff entry of that bedroom, and locking all of his belongings inside of bedroom 816-B.

4.  During the HUD investigation, and after the filing of Plaintiffs federal lawsuit. The Defendant used intimidation tactics and threatening manners, in trying to scare Plaintiff. The Defendant Campus Lodge Gainesville even had their general counsel attorney, Ryan Dolan email Plaintiff on several different occasions — with intimidation tactics.

5.  The Defendants property manager, Ashley Rankin filed false documentations on behalf of Plaintiff to third parties — alleging Plaintiff had moved out of bedroom 816-B because of financial issues; and the balance owed was being sent to collections. Even though Plaintiff never moved out unit 816-B; and the staff at Campus Lodge Gainesville decreased Plaintiffs services in retaliation, by locking the bedroom door to room 816-B and prevented entry from Plaintiff. With all of his belongings still locked inside of the bedroom.

6.  On several different occasions, the Defendants staff members illegally entered Plaintiffs apartment unit without his consent, while he wasn't home. After the filing of his HUD complaint, and federal Court Complaint. Even after filing complaints with office managers, and sending and emails, the illegal entry of Plaintiff unit still occurred in retaliation.

7.  The Defendants general counsel Ryan Dolan retaliated against Plaintiff through direct email communications — by stating "he knows about Plaintiff federal lawsuit and HUD Complaint, and he'll proceed to file a a civil eviction lawsuit for bedroom 816-B if Plaintiff decided to continue on".

8.  The Defendant and its roaming property manager Kelvin Hendrix, even retaliated against Plaintiff, and claimed there was a nonpayment of rent. Even though receipts of Wells Fargo money orders and cashiers checks was presented to Kelvin Hendrix through emails.

## IV. RELIEF REQUESTED

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1.  PUNITIVE DAMAGES:

Plaintiff asks this Court to order the Defendants, to pay punitive damages. In the total sum of $265,000. Plaintiff seeks Punitive damages, in order for this Court to deter the named Defendants, from engaging in the same racial discriminatory conduct again in the future. With future tenants.

2.  COMPENSATORY DAMAGES

Plaintiff asks this Court to order the Defendants, to pay compensatory damages. In the total sum of $75,000. Plaintiff seeks compensatory damages from the named Defendants for loss of sleep, stress, fright & nightmares, & harassment. These symptoms and issues — prevented Plaintiff from fully enjoying his life. Which caused emotional distress.